IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MINDS, INC., et al.,**<br><br>    Plaintiffs,<br><br>v.<br><br>**ROBERT BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA,**<br><br>    Defendant. | Case No. 2:23-cv-02705- RGK-MAAx<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT** |

This matter is before the Court on the Attorney General's Motion to Dismiss the Complaint. The Court has reviewed and considered the motion, the request for judicial notice filed therewith, and the papers filed in support of and in opposition to the motion.

As a preliminary matter, the Court finds that the requirements for judicial notice have been met. *Intri-Plex Technologies, Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). The Court therefore grants the Attorney General's request for judicial notice.

With respect to the motion itself, the Court finds good cause to grant the motion. Plaintiffs' complaint asks this Court to strike down California Assembly Bill 587 ("AB 587"), codified at sections 22675 through 22681 of the California Business and Professions Code, alleging that the statute, on its face and as applied, violates their First Amendment rights to free speech, is unconstitutionally overbroad and vague, and that the statute violates Plaintiffs' right to free speech under the California Constitution.

The Court finds that the Complaint fails to allege a case or controversy under Article III of the United States Constitution. Accepting the allegations of the Complaint as true, none of the Plaintiffs is subject to the requirements of the statute. The Complaint's allegations that AB 587 will make large social media companies and others in the industry more likely to take actions against Plaintiffs are highly speculative, do not give rise to a concrete injury fairly traceable to AB 587, and are not ripe. *See Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010).

But even if Plaintiffs could satisfy standing and ripeness requirements, the Complaint fails to state a claim as a matter of law. AB 587 plainly satisfies the test set forth in *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626 (1985), for compelled commercial disclosures. AB 587 is not a content- or viewpoint-based restriction on private speech. It does not restrict any social media company's content-moderation policies or decisions. It merely requires the disclosure of factual and uncontroversial information about those policies and decisions, is reasonably related to a substantial state interest in providing transparency concerning the content-moderation policies and decisions of large social media companies, and is not unduly burdensome. The statute also is neither overbroad nor vague.

The Court declines to assume supplemental jurisdiction over Plaintiffs' claim under Article I, Section 2 of the California Constitution, which would be barred in

1  any event by the Eleventh Amendment. *Doe v. Regents of Univ. of Cal.*, 891 F.3d
2  1147, 1153 (9th Cir. 2018).
3      Leave to amend the complaint need not be granted if "it is clear that the
4  complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon
5  Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). Here, it is clear that the
6  defects in the Complaint cannot be cured by amendment.
7      The Motion is hereby GRANTED and this action is DISMISSED WITHOUT
8  LEAVE TO AMEND.
9      IT IS SO ORDERED.
10
11  Dated: _____, 2023                                   _____
12                                                         The Honorable R. Gary Klausner
                                                       United States District Judge
13
14
15
   SA2023302140
16
17
18
19
20
21
22
23
24
25
26
27
28