IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MINDS, INC., et al.,**<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>**ROBERT BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF CALIFORNIA,**<br><br>　　　　　　　　　　Defendant. | Case No. 2:23-cv-02705- RGK-MAAx<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT** |

　　　This matter is before the Court on the Attorney General's Motion to Dismiss the Amended Complaint. The Court has reviewed and considered the motion, the request for judicial notice filed therewith, and the papers filed in support of and in opposition to the motion.

　　　As a preliminary matter, the Court finds that the requirements for judicial notice have been met. *Intri-Plex Technologies, Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). The Court therefore grants the Attorney General's request for judicial notice.

1

1    With respect to the motion itself, the Court finds good cause to grant the
2    motion.  Plaintiffs' complaint asks this Court to strike down California Assembly
3    Bill 587 ("AB 587"), codified at sections 22675 through 22681 of the California
4    Business and Professions Code, alleging that the statute, on its face and as applied,
5    violates their First Amendment rights to free speech, and is unconstitutionally
6    overbroad and vague.

7    The Court finds that the Amended Complaint fails to allege a case or
8    controversy under Article III of the United States Constitution.  None of the named
9    Plaintiffs is subject to the law's requirements.  The Amended Complaint's
10   allegations that AB 587 will make large social media companies and others in the
11   industry more likely to take actions against Plaintiffs are based on a misreading of
12   the statute's requirements, are highly speculative, do not give rise to a concrete
13   injury fairly traceable to AB 587, and are not ripe.  *See Wolfson v. Brammer*, 616
14   F.3d 1045, 1058 (9th Cir. 2010).  One of the named Plaintiffs, the National
15   Religious Broadcasters, allegedly has a single member, Salem Media Group, Inc.
16   (Salem), that is subject to AB 587's disclosure requirements.  Plaintiffs' allegation
17   that AB 587 authorizes the Attorney General to "second guess" and penalize
18   Salem's content-moderation decisions is based on a misreading of the statute,
19   which only requires Salem and other covered entities to publicly disclose
20   information about their terms of service, without requiring them to take or not take
21   any particular action to moderate content on their platforms.

22   But even if Plaintiffs could satisfy standing and ripeness requirements, the
23   Amended Complaint fails to state a claim as a matter of law.  AB 587 is not a
24   restriction on speech, but rather a statute compelling large social media companies
25   to make purely factual, uncontroversial disclosures about their terms of service and
26   decisions they make to enforce their terms of service.  AB 587 plainly satisfies the
27   test set forth in *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626 (1985),
28   for compelled commercial disclosures.  AB 587 is not a content- or viewpoint-

based restriction on private speech. It does not restrict any social media company's content-moderation policies or decisions. It merely requires the disclosure of factual and uncontroversial information about those policies and decisions, is reasonably related to a substantial state interest in providing transparency concerning the content-moderation policies and decisions of large social media companies, and is not unduly burdensome. The statute also is neither overbroad nor vague.

Leave to amend the Amended Complaint need not be granted if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). Here, it is clear that the defects in the Complaint cannot be cured by amendment.

The Motion is hereby GRANTED and this action is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated: _____, 2023  
_____  
The Honorable R. Gary Klausner  
United States District Judge

SA2023302140

3